IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Windell Long, | C.A. No. 4:09-70075-TLW |
| | Crim. No. 4:02-1281 |
| Petitioner, | |
| -versus- | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondents. | |

On September 25, 2009, this Court entered an Order granting Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2255 petition as time-barred.

On October 13, 2009, the defendant filed a pro se Motion for Reconsideration of the Court's September 25, 2009 Order. Petitioner indicates that his motion is made pursuant to Rules 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

The Fourth Circuit Court of Appeals has held that district courts must determine whether a motion for reconsideration pursuant to Rule 59(e) or a motion for relief from an order pursuant to Rule 60 should be treated as a successive collateral review application. United States v. Winestock, 340 F.3d 200, 203 (4th Cir.2003). Failure to examine this motion as a successive motion for postconviction relief would allow the petitioner to evade the bar against relitigation of claims presented in a prior application. Id. at 206.

After careful review, the Court concludes that the issues in Petitioner's motion are not proper for Rule 59(e) or Rule 60(b) relief, but instead are best construed as a successive petition. In his motion for reconsideration, the petitioner attempts to re-litigate the claim previously dismissed on

September 25, 2009. Thus, this Court may not consider the merits of Petitioner's claims in his "motion to reconsider" because he failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court and the motion should be **DISMISSED** for lack of jurisdiction by this Court. See Winestock, 340 F.3d at 208 (district court should have treated motion as successive application, where in his post-judgment motion the petitioner contended that the district court erred in rejecting his claims, and that he had recently discovered evidence to support a new claim of ineffective assistance of counsel).[1]

**IT IS SO ORDERED.**

                                                s/ Terry L. Wooten
                                                **TERRY L. WOOTEN**
                                  **UNITED STATES DISTRICT COURT JUDGE**

February 22, 2010
Florence, South Carolina

---

[1] In the alternative, the Court notes that the Fourth Circuit Court of Appeals has recognized only "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998). After consideration, the Court finds no basis for relief under Rule 59(e). Additionally, the Court concludes that Petitioner has made no showing under Rule 60(b) of the Federal Rules of Civil Procedure sufficient to warrant any grant of relief.