IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 4:02-1281-TLW |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| Windell Long | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter comes before the Court upon Defendant's "motion for resentencing instanter; actual innocence claim of the 'Armed Career Criminal Act (ACCA)' in light of United States v. Rivers." (Doc. # 62). After careful review and consideration, the Court finds that this motion is, in reality, a successive motion filed in this court pursuant to 28 U.S.C. § 2255. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court.

      The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

      Accordingly, defendant's motion (Doc. # 62) is **DISMISSED** as this court is without

jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
CHIEF UNITED STATES DISTRICT JUDGE

Florence, South Carolina
March 4, 2013