IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Windell Long,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:02-cr-01281-TLW-1<br>C/A No. 4:14-cv-01135-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Windell Long. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to two counts of being a felon in possession of a firearm and one count of using and carrying a firearm during, in relation to, and in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). He was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 192 months on the felon in possession count and 60 months consecutive on the 924(c) count, for a total aggregate sentence of 252 months. His ACCA predicate convictions were for Murder 2nd Degree, Aggravated Battery, and Failure to Stop for a Blue Light. PSR ¶¶ 41–42, 47. Judgment was entered on June 29, 2004. ECF No. 26. He filed a direct appeal and the Fourth Circuit affirmed. *United States v. Long*, 213 F. App'x 254 (4th Cir. 2007).

In 2009, Petitioner filed his first § 2255 petition, in which he challenged the use of his failure to stop conviction as an ACCA predicate. ECF No. 39. The Court granted the

1

Government's motion to dismiss the petition as untimely. ECF No. 45. He then filed a motion to reconsider, which the Court construed as a successive petition and subsequently denied. ECF Nos. 48–49. The Court granted a certificate of appealability as to all issues. ECF No. 58. The Fourth Circuit affirmed this Court's decision and concluded that authorization to file a successive petition was not warranted. *United States v. Long*, 411 F. App'x 623 (4th Cir. 2011). His petition for a writ of certiorari from the Supreme Court was denied. *Long v. United States*, 132 S. Ct. 1603 (2012).

Petitioner then filed a "Motion for Resentencing Instanter; Actual Innocence Claim of the 'Armed Career Criminal Act (ACCA)'in Light of *United States v. Rivers*," in which he again challenged the use of his failure to stop conviction as an ACCA predicate. ECF No. 62. The Court construed this filing as a successive petition and subsequently denied it. ECF No. 63.

Petitioner then changed tactics, filing a petition under 28 U.S.C. § 2241 in the Middle District of Florida, again challenging his classification as an armed career criminal. *See* No. 5:13-cv-00473-WTH-PRL. That petition is still pending.

Undeterred, Petitioner filed the instant § 2255 petition, again challenging the use of his failure to stop conviction as an ACCA predicate. ECF No. 66. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition. The Government filed a motion to dismiss, asserting that the petition should be dismissed for lack of jurisdiction. He did not file a response.

## II.    Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by

a panel of the appropriate court of appeals to contain:

>   (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III.  Conclusion

For these reasons, the Government's Motion to Dismiss, ECF No. 70, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 66, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing

Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*  
Terry L. Wooten  
Chief United States District Judge

December 9, 2015  
Columbia, South Carolina